Good morning, Your Honors. My name is Jason Sir, and I'm from Federal Defenders of San Diego, and I represent Mr. McGowan in the current matter. May it please the Court, this Court must reverse the District Court's denial of the petition for writ of habeas corpus in this case, because the District Court committed error by concluding that it lacked jurisdiction to consider the merits of Mr. McGowan's petition. This was error for no less than two reasons. First and foremost, it was error because the State court of appeals in this case did not deny relief on the basis that it lacked jurisdiction. The State court actually denied relief on the merits of the argument presented by Mr. McGowan, and the State court of appeals made clear that it didn't need to decide whether or not the State California State Supreme Court case of Garcia v. Superior Court actually was as broad and preclusive as the Attorney General argued. And the Attorney General had argued that that case precluded any collateral attack, and the State court of appeals declined to rule on that issue and instead said it could deny relief to Mr. McGowan on the basis of the merits, which is what it had done. The magistrate court recognized this, as a matter of fact, and I pointed that out in my – in the record on page 91 – I'm sorry, on page 115, the magistrate court recognizes that the State court of appeals denied relief on this basis as opposed to a jurisdictional one. So that is significant, because the district court later on, when it denied the petition, said that the State court of appeals didn't act unreasonably, and its decision was a reasonable application of United States Supreme Court precedent. But that's not what the State court of appeals did. That leaves this Court, with the opportunity to address de novo, the purely – the pure question of law at this point of jurisdiction, whether or not cases like Costs and Daniels now preclude someone like Mr. McGowan from seeking to collaterally attack his prior conviction, where he can justify the collateral attack on the basis of one of the exceptions that have been enumerated by the Supreme Court. Which exception do you claim is clearly established? I think it's clear, and I think the magistrate court agreed that Mr. McGowan could satisfy a faultless exception in this case. There's no question that he was unable to manage his own legal affairs in any sort of meaningful manner based on his mental illness. Which Supreme Court case do you contend clearly established, recognizes the faultless exception? I think Daniels and Costs, which were the companion cases issued on the same day, Daniels being the Federal case saying that you can't collaterally attack a prior conviction in the 2255 context, Costs is the State context of the 2254. I think both of those courts make clear that there are several exceptions, and my reading of those cases isn't without any support. There are several – there are two, at least, court of appeals cases out of the Tenth and the Eleventh Circuit, Brooms v. Ashcroft and McCarthy v. U.S., which similarly read those two cases, is outlining two exceptions. One, of course, is a Gideon exception, where the Supreme Court said that he was unable to manage his own legal affairs in any sort of meaningful manner based on his mental illness. Well, we don't have that here, do we? Well, we could. That wasn't his argument here, though, that he was denied assistance of counsel. One of the arguments that I made in my reply brief, Your Honor, was that he was constructively denied the assistance of counsel because counsel really didn't do anything. But he had counsel there, correct? He did, but I argued that he was constructively denied counsel. And there's case law to this Court and the Supreme Court that actually says even if he had counsel. Your argument was that his plea was not knowingly and voluntarily entered. Correct. And then based on the opportunity to show possibly a cause of prejudice for his failure to previously argue this, I did raise it in my reply brief. And I do submit to the Court that having a warm body next to Mr. McGowan at the time of his change of plea wasn't sufficient. It certainly didn't live up to the standards required for effective assistance or actual assistance, for that matter, which is what I've argued. But I do think that Daniels and Coffs make it clear that there are exceptions beyond just the Gideon violation that has been confronted in several cases. And the Court's, I think, the basis for this comes from the Court's language. If not expressed, it's very implicit when they talk about a prisoner's intentional relinquishment of a right to seek collateral relief, or he loses when he does seek it. In those two instances where he intentionally relinquishes that right or loses his argument, then the case becomes final for all purposes and he can't collaterally attack any case in the future. I think the Supreme Court's use of the language intentional relinquishment is very, very supportive in this case, because they would have to show that due to some fault within the control of the prisoner, he's given up his right to seek a collateral attack. And that can't be the case here, because Mr. McGowan didn't intentionally relinquish the right because he couldn't manage his legal affairs and couldn't pursue it on his own. And that, I think, would amount to what has now been referred to as a faultless exception that's referred to in the Tenth and Eleventh Circuit cases I mentioned and several district court cases, albeit unpublished. Under 2254, under AEDPA, we look to see whether the rule, the Constitution was clearly established by the United States Supreme Court. And we can only look to Ninth Circuit case law to help inform our understanding of what the Supreme Court has said about a particular issue. Of course. Now, we have said a few things about this particular issue in some of our cases, and they seem to recognize a very narrow exception, which is the Gideon. Right. For example, in the United States v. MCE. I'm not familiar with that case. But I do know this Court has said that the only exception at this point is the Gideon exception. Right. But that's the only exception that the Court has had to confront on the basis of the facts presented. And Daniels and Cost both said, look, you know, there may be these exceptional cases and these circumstances where something other than a Gideon violation will allow someone to collaterally attack a conviction, but the facts aren't before us for us to say anything. But the fact that the Supreme Court said, look, there is this potential, that's significant. And I think that opens the door here. And the Tenth and Eleventh Circuits have recognized that in those two cases I cited. And they specifically call it a faultless exception. And I think that's significant. What do you have to say about Lackawanna County v. Cost? That I think that is supportive of Mr. McGowan's position. In that case, it was also a 2254 petition filed by a State prisoner. And he challenged collaterally prior convictions that he had sustained. The Supreme Court obviously said that the only exception that would apply in this case is Gideon. But it did contemplate these other exceptions. And it noted under 2254 things like State impediments. And it noted things such as, I believe, aside from a State impediment, also newly discovered evidence that would allow someone to collaterally attack a conviction. But immediately after, it notes those potential exceptions to the collateral bar rule, which it termed only a general rule. It's only a general bar. It's not an absolute bar, which is what the heart of the argument is. It says in such cases or such circumstances, it doesn't say in those circumstances or only in those two specific instances is collateral attack allowed. When it says in such circumstances, I think you can infer from the State, the Supreme Court's note that what, you know, if it's an impediment to a prisoner being able to attack collaterally a conviction, that is sufficient to find that the rule, which is only general, would it really apply to that sort of petitioner? And he should be allowed to pursue the remedy on collateral attack that he seeks. I think that's significant. I think the language leaves that open. Daniels also talks about it and talks about exceptional circumstance. It doesn't go into the detail that Coffs did by any means, but it does recognize it, and four justices joined in that decision in Daniels. Justice Scalia dissented and didn't agree with the exceptional case, but there are four justices in Daniels that did agree, and that did constitute a majority of the Court with regard to that particular issue. I still think Coffs and Daniels stand for the proposition that the collateral bar rule is only a general rule and not an absolute one. And I don't think that the mere fact that the United States Supreme Court hasn't specifically found any facts to address the issue, I don't think that defeats it. I think the fact that the Supreme Court specifically left open this option or this opportunity to the general rule of a collateral bar, I think that's significant and I think it's supportive in this case and certainly doesn't defeat the argument. Do you want to take your time for rebuttal? Sure. Thank you, Your Honor. If it pleases the Court, to Deputy Attorney General Matthew Mulford on behalf of Appellee. There's a lot of issues in this case, and so if the Court will permit me, I'd like to start at the end, the merits determination under 2254B, the factual findings and legal findings of the State Court, starting with the State Trial Court in 1997. This is the hearing where Mr. McGowan challenged his prior convictions, his 1986 convictions. The trial judge ruled that at the time Mr. McGowan pleaded guilty in 1986, he was taking medications that were appropriate so that he could understand what was going on, and he made a finding that his attorney explained the plea form to him in simple enough language that he could understand. Now, these are factual findings made by a trial court that are binding upon this court under 2254D, and I think those findings alone really end the discussion in this case. In addition to that, I'm going to now start working with further arguments. The trial court at that time also found that it did not have jurisdiction to consider the claim, and that argument is not contrary to any United States Supreme Court authority under 2254D-1. So we have a merits finding under jurisdiction. We have a merits finding under Boykin, but this was a voluntary and knowing and intelligent waiver, and there's nothing really else to talk about on the merits. If we move back to the Lackawanna County arguments, this is argument three in our brief, to get in the door of federal court raising this issue, challenging a prior conviction, you know, something that happened in a prior proceeding for which Mr. McGowan is no longer in custody. He needs to meet the test of Lackawanna County versus Cost, and he does not meet the only enumerated exception that's described by a majority in that court. Lackawanna County versus Cost is a little bit of a confusing opinion because it describes this test as being a general rule, as Mr. Serra was discussing, but it also says the exception is unique, and we interpret that as meaning there is only one, and that one exception is Gideon there, a claim where there was no counsel at all in the prior proceeding, and here Mr. McGowan did have counsel. His claim that his counsel wasn't very good or was really bad really doesn't get around the Gideon problem, so that's the third argument. If we move back even further to our second argument, the state courts were looking at this argument in 1999, and so under the case of Teague, this court again is Now, the Teague argument is very, very similar to the Adepa merits argument, and they're almost coextensive in many ways, but it again is another hurdle for this court to get to the end. And finally, our first argument is that this case cannot be heard at all because it is procedurally barred under state law. Now, this procedural bar issue is perhaps the most confusing aspect of this habeas corpus, procedures in general, and California habeas corpus rules in particular, but the California Supreme Court in 1993, in a case called Harris, says a petitioner who does not bring a claim on direct appeal may thereafter be barred from ever hearing that case again under what's known as the Walterius rule if it's not properly brought the first time. And in this case, Mr. McGowan, when he brought his claims following the trial court's decision in 1997 that we talked about, he did not take that claim to the California Supreme Court on direct review. Now, the California Supreme Court has a rule that requires that. The United States Supreme Court has a rule that requires that claim be presented to the Supreme Court for exhaustion purposes in a case called O'Sullivan v. Borkle. So had Mr. McGowan come to a Federal court that day, he should have been barred under O'Sullivan v. Borkle, but he didn't. He took his claim to the California Supreme Court on habeas corpus where they looked at it and said, nope, you're procedurally barred under our Walterius rule, as we said. And that should be an independent and adequate bar for Federal review. Now, we are fully aware that there are many cases from this Court that say this Walterius rule is inadequate. We respectfully disagree for the reasons that are, I think, extensively laid out in our brief. Why do we have to decide this case on the Walterius rule? Procedural bars should be discussed before constitutional issues are reached. If we reach the merits of the issue under Teague or Lackawanna or even the 2254 demerits, then we are looking at constitutional issues before state issues. You know, and there is a rule of constitutional jurisprudence, I guess, that requires courts to put off those constitutional type issues as to whether or not his boycott rights are violated. We need to honor what the state courts are doing in their criminal justice systems and focus on the rules as they are applied in individual cases. So the procedural bar should come first, and it should always come first, because all the constitutional issues that we really care about are subservient to those issues. So that's the reason why we should do it here. We should also get to this issue in this particular case, because the district courts and the magistrate judges and the courts that I routinely practice in Southern California refuse to ever get to these cases because they think they're bound by Hill v. Roe. And that, I mean, I'm frustrated often in those courts and before this Court today because I don't think Hill stands for what it says it stands for, and I think it's contrary to California law. And guidance from this Court. Excuse me? We're one three-judge panel cannot overturn another three-judge panel. That's correct, unless the situation is different, unless the facts are distinguishable. And here I think the facts are distinguishable from Hill because Mr. McGowan did not seek any relief from the California Supreme Court on direct appeal, and that should be distinguishing factually from what's going on in these other cases. I didn't recall, I guess you're right, because I don't recall either the district court or the magistrate judge addressing procedural bar. It was not raised by my office in the pleading. So I can see that right up front. Does that bar you from raising it now? Why should we deal with it now? Not necessarily. It could bar it. This Court certainly has the power to find that issue waived. We respect the request that you do not do so, again, because this particular issue is so confusing, and there are so many cases out there saying different things that just aren't quite right, and I think are actually contrary to California law. So that's the major reason. The second reason is that the district court on its own noticed this, and in a footnote in its order, its judgment, said that this cited Hill in saying that this issue is not barred. And so I think that goes a long way to say that if we had in fact raised it, they would have found it barred on a legal basis that we can discuss here today and look on the record. And that fits in with the familiar appellate rule that anything, excuse me, that a judgment can be affirmed for any basis that's supported by the record. You're right. I forgot. It's in footnote four. That's right. I think on page 139 of our brief, yeah. So it wasn't raised, so you certainly do have the ability to say that it's been approved by my office. Had we raised it, I don't think the result would be anything different than what we've got in footnote four. So the peculiar nature of the Lackawanna County faultless exception is also an additional reason that suggests why we might want to consider this procedural bar because the crux of Mr. McGowan's claim is that I couldn't have done this sooner. I couldn't have done this in a better way. I couldn't have come to federal court with a cleaner record because of my mental illness. That's just not true as a matter of state law. As a matter of state law, Mr. McGowan had an attorney who chose not to file the claim with the California Supreme Court for reasons that Mr. McGowan and his attorney, I think, had a lot of discussion about and disagreement. But nevertheless, the claim was not raised to the California Supreme Court in the appropriate manner at the appropriate time, and that's a problem. That's a procedural bar. That's a lack of exhaustion under O'Sullivan, and it becomes procedurally barred in its return when the California Supreme Court does look at it and gives the Waltree citation. I see I have plenty of time, but if the Court has no further questions, I'm willing to sit down on the briefs. No further questions. Thank you. Just to address a few of the points raised by the State. First, the procedural bar will, and this Court is right, it can't overturn another three-judge panel here. I don't think there's any reason to overturn the other cases that are similar to this. In the government, the State actually cites a few of these.  It has to be in place. It has to be in place. It has to be pled in the initial response to the petition. In this Court, I believe about two weeks ago, Morrison v. Mahoney made this very clear, and it said that as soon as you file an answer, you've waived it. It's done. You cannot re-raise it later, and that's the case here. I think Franklin v. Johnston is on all fours with this case. I think it makes it very clear that because the State didn't raise it earlier, it's now precluded from doing so. The government cites a few cases. I want to bring up one, Forrest, and in that case, as well as Maxwell. And Your Honor was talking about how this Court can't overrule another court, and the government's tried to distinguish this case from Hill. But those other cases, Forrest and Maxwell in particular, Maxwell are identical to this case. And in Maxwell, the prisoner in that case failed to file a direct appeal with the California State Supreme Court. The California, I believe the Court cited a Waltrius rule in the habeas denial rather than any procedural bar. And the Court later held that this was not an independent and adequate state procedural denial. And it said Waltrius didn't bar federal habeas review. I think this case is almost identical to Maxwell in that sense. And for this reason, I think the Court should definitely find that it's been waived, regardless of whether or not Hill is distinguishable from this case. The government also says, I think just the cases from this circuit alone, discussing Waltrius in the past over the last two decades, make it pretty clear that Waltrius is not a bar to federal habeas relief. Regardless, I think Mr. McGowan can demonstrate cause and prejudice, and I've set that up pretty detailed in a pretty detailed manner in my brief. With regard to Teague, Teague in this case wouldn't bar relief either. I don't think Teague is a problem here. First, the magistrate court, I think, aptly held that this isn't anything close to a criminal rule. This is an issue of jurisdiction and how broad the relief that can be requested can go. This doesn't impose any new rules on the state courts that Teague would look to bar. In addition, I think there's also a labor argument that I raised in my briefs. While the Court did touch on Teague, and while the government may have raised the name of the case under this Court's precedent, Arredondo v. Ortiz, that's an insufficient pleading of the Teague issue. Under Arredondo v. Ortiz, not only do they have to name the case Teague, but they have to present a developed argument to sustain it. And they didn't do that in this case. It was a passing statement by the Attorney General in their, I believe it was their answer to the petition. But it failed to articulate what the new rule of constitutional law was, the reasons why such a rule wouldn't have been compelled by existing precedent, which I think it would have, and why the rule doesn't fall within one of the exceptions. So I think they've also waived the Teague argument, assuming it even applies in this case. And I state that this may not have even been a new rule, and I think this relates back to the earlier argument. At the time of the state courts and the state court of appeals denial in 1999 of the collateral attack issue, the two guiding cases obviously are Milleng v. Cook and Custis. Those are the two Supreme Court cases that guide the decisions in this context. Milleng specifically held that a collateral attack can be brought by a prisoner where a sentence is premised or somehow enhanced and affected by a previously unconstitutional conviction. Milleng makes that clear. Custis came about later, but Custis didn't overrule Milleng, and the dissent in Custis makes this very clear. The dissent talks about how this is just an affirmance of Milleng, and we're basically talking about where you can bring the claim as opposed to what kind of claim you can bring. And Custis said that a Federal sentencing hearing isn't the appropriate place to do it. It never said a Federal habeas proceeding wasn't as well. So Custis didn't foreclose the collateral attack issue, and I think the status of the law at the time of the state court of appeals decision from this circuit interpreting Milleng and Custis support that. There are two cases in particular, U.S. v. Price and Brock v. Weston, which I cite. And Brock v. Weston from this Court construed the scope of Custis and clearly stated that prior convictions may be challenged on habeas review, and it held that Custis affirmed Milleng, and it cited the dissent in Custis for that proposition. So at the time of the state court of appeals decision, it was clear that collateral attacks weren't precluded and weren't limited to just Gideon violations. So at that time, had the state Supreme Court, had the state court of appeals denied relief on a collateral attack basis, it clearly would have been an unreasonable application of Supreme Court precedent as interpreted by this circuit. In addition, I cite a case by the late Judge Keefe, and while it is a district court opinion, a federal supplement, it is kind of guiding and certainly sets out, I think, the status of the law at the time. And it clearly establishes a right to bring a collateral challenge against a prior conviction used in California courts to enhance a later sentence. So I don't think Keefe bars this issue at all. With regard to, I don't think there's much else. I think the government noted that one of the reasons this court needs to decide the procedural default issue is because the claim, the issue here is a complex one. Well, that's not an enunciated reason by any case to simply throw aside and cast aside the procedural default rules. Mr. McGowan gave the California State Supreme Court an opportunity to rule on the merits of his petition. And he did so by the available means allowed to him under the State procedure at the time. And that was through a petition for writ of habeas corpus. And the State Supreme Court simply cited Waltrius as opposed to any other procedural bar or any other procedural bar mechanism case that it had at its disposal, whether it was Harris or any of the other cases up there that talk about failure to plea previously any issues. And the Court didn't do that. Instead, by citing Waltrius, it clearly held that, like, you can't relitigate the issue. The Court could have on its own motion as well decided an issue even in the absence of a petition for review. And I point that out in my briefs. The State Supreme Court retains jurisdiction over a case even in the absence of a petition for review for up to 90 days after the court of appeals decision becomes final. And implicit in that retention of jurisdiction, obviously, is the idea that if there is no decision by the Supreme Court to hold the hearing. Sorry. I was just going to say, putting aside all the procedural bar issue, the Teague issue, isn't your real, the real issue for you is whether or not the Supreme Court has ever recognized a faultless exception? Certainly. And I think that's clear from the district court's decision because it refused and the magistrate court refused to go that far. But there are two court of appeals cases that specifically note that there are two exceptions. And it read Danielson Coffs in that manner. So I think those two cases do hold that there is at least two exceptions. One is Gideon and this other one is a faultless exception. Okay. And I'm asking the court to apply. Thank you.
judges: Hall, Paez Beistline